The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Larry DIRGO, Defendant–Appellant.

No. 87CA0476.

Colorado Court of Appeals, Div. V.

March 2, 1989.

Rehearing Denied March 30, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

HUME, Judge.

Defendant, Larry Dirgo, appeals from the trial court order revoking his probation. We reverse.

Defendant was found guilty of felony fraud by check. He was sentenced on September 21, 1984, to a three-year term of probation. Although we have not been provided with a transcript of the 1984 sentencing hearing, the court's minute order reflects that the conditions of probation imposed by the court included a 90–day commitment to the county jail, and a requirement that defendant pay the probationary supervision fee, court costs, reimbursement for appointed counsel, and the statutory fee to the victim's compensation fund. The minute order is silent as to any requirement for Payment of restitution to the victim of his conduct, and we thus have no means to ascertain whether restitution to the victim was in fact ordered or contemplated as a condition of probation.

On October 30, 1984, the probation officer contacted defendant at the county jail to review with him the conditions of his probation, and to furnish him with the written statement of the terms and conditions of his probation as required by § 16–11–204(3), C.R.S. (1986 Repl.Vol. 8A). The statement of terms and conditions included a provision which stated: "The defendant will pay ... restitution ... in the amounts and manner ordered by the court."

Defendant inquired of the probation officer about the amount of restitution he was required to pay, and when the probation officer was unable to give a definite response, the defendant refused to sign the acknowledgement of receipt of the conditions, and requested that the probation officer arrange a hearing with the court on the amount of restitution required as a condition of his probation. Thereafter the probation officer filed a probation revocation complaint which asserted that "the defendant has displayed an uncooperative manner" and "indicated he would be unable to pay any restitution, costs or fees assessed by the court."

At the hearing on the revocation complaint, the probation officer was unable to articulate any facts to support the defendant's "uncooperative manner regarding probation" other than his refusal to sign, and his expressed problems with his uncertainty as to the amount of restitution required of him.

The court found that defendant had "manifested a reluctance and an intent not to comply with the conditions of probation" by his refusal to acknowledge receipt of the written terms and conditions of probation, and ordered that his probation be revoked. The court then resentenced defendant to a renewed three-year term of probation with conditions as previously ordered but with a six-month commitment to the county jail work release program.

Defendant contends that the evidence was insufficient to establish a violation of the conditions of his initial probation. We agree.

A defendant's probation may be revoked upon proof by a preponderance of evidence (except when the alleged violation involved the commission of a criminal offense) that a condition of probation has been violated. Section 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A). Here, the evidence does not support a finding that the court's probationary order was violated. There was neither an allegation, evidence, nor a finding that any condition of the probationary order had been violated.

At best, the record reflects the defendant's legitimate confusion about the monetary requirements of his probation. The record is not clear whether victim restitution had, or had not, been ordered, as required by § 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A) or, indeed, even contemplated. If restitution had not in fact been ordered, the written conditions were misleading in purporting to require its payment. If restitution was contemplated or ordered by the court, the court had not fixed either the amount to be paid to the victim or the manner and time of performance as required by the statute. *See* § 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A).

Defendant neither refused nor failed to pay any sums ordered by the court. His only "manifestation of reluctance" was his refusal to acknowledge and acquiesce in a non-specific condition of probation which was unsupported by an order as required by the statute.

Under these circumstances, we conclude that the court erred in revoking defendant's probation.

The order of revocation is reversed, and the cause is remanded for reinstatement of probation upon the terms originally ordered on September 21, 1984. Any order for restitution to the victim shall, however, include the manner and terms of its payment as provided by law.

METZGER and CRISWELL, JJ., concur.